J-S55039-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DANNIELLE HADLEY | |
| Appellant | No. 468 EDA 2014 |

Appeal from the PCRA Order October 31, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1023871-1987

BEFORE:  BOWES, J., SHOGAN, J., and OTT, J.

MEMORANDUM BY OTT, J.:

Dannielle Hadley appeals *pro se* from the order entered on October 31, 2013, in the Court of Common Pleas of Philadelphia County, dismissing, as untimely, her serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546.  Based upon the following, we affirm.

In 1990, Hadley was sentenced to a mandatory term of life imprisonment, after she was convicted by a jury of murder of the first degree, robbery, and criminal conspiracy.[1]  At the time of the offenses, Hadley was 22 years old.[2]  In this appeal, Hadley presents four questions: (1) "Whether the court lacked jurisdiction to try [Hadley] for homicide?"; (2)

---

[1] *See* 18 Pa.C.S. §§ 2502, 3701, and 903, respectively.

[2] *See* Hadley's Supplemental Motion for Post Conviction Collateral Relief, 8/20/2012, at 2.

"Whether the government failed to meet its burden of proof resulting in a miscarriage of justice deriving from a *Brady*[3] violation?"; (3) "Whether there is a chain of custody regarding the 'beer mug,' how it got to the forensic pathologist, or especially how it was destroyed and became a bag of junk, or by whom, while in government custody, within the context of evidence tampering?"; and (4) "Whether as a fundamental miscarriage of justice, there are no procedural bars to relief, and violations of due process?".   Hadley's Brief at 3 (unnumbered).

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determinations are supported by the record and are free of legal error." *Commonwealth v. Taylor*, 67 A.3d 1245, 1248 (Pa. 2014) (quotations and citation omitted), *cert. denied*, 134 S. Ct. 2695 (U.S. 2014). "The PCRA timeliness requirement, however, is mandatory and jurisdictional in nature." *Id.* (citation omitted).

All PCRA petitions must be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges, and the petitioner proves, that one of the three enumerated exceptions to the time for filing requirement is met.  *See* 42 Pa.C.S. § 9545(b)(1).[4]  A judgment is

_____

[3] *Brady v. Maryland*, 373 U.S. 83 (1963).

[4] The PCRA exceptions that allow for review of an untimely petition are as follows: (1) governmental interference; (2) the discovery of previously unknown facts; and (3) a newly-recognized constitutional right.  *See* 42 Pa.C.S. § 9545 (b)(1)(i)-(iii).

*(Footnote Continued Next Page)*

deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S. § 9545(b)(3).

Here, Hadley's judgment of sentence became final on June 7, 1991, 30 days after this Court affirmed the judgment of sentence and the period for filing a petition for allowance of appeal with the Pennsylvania Supreme Court expired. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113(a). Therefore, the present PCRA petition, filed on December 23, 2011, is patently untimely. Furthermore, the petition failed to invoke any of the PCRA's exceptions to the time bar. Hadley, however, after receiving the PCRA court's Pa.R.A.P. 907 notice, filed a supplemental PCRA petition on August 20, 2012. In her supplemental petition, Hadley cites the United States Supreme Court decision of *Miller v. Alabama*, 132 S. Ct. 2455 (2012),[5] thereby implicating the PCRA's exception for a newly recognized constitutional right exception, set forth at 42 Pa.C.S. § 9545(b)(1)(iii).[6, 7]

*(Footnote Continued)* ——————————

[5] In *Miller v. Alabama*, 132 S. Ct. 2455 (2012), the United States Supreme Court held "that mandatory life without parole **for those under the age of 18** at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Id.* at 2460 (emphasis added).

[6] Section 9545(b)(1)(iii) requires a petitioner to plead and prove "a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided
*(Footnote Continued Next Page)*

The PCRA court, after considering Hadley's claim regarding *Miller*, concluded Hadley's present petition was untimely, and explained the basis of its ruling in both its order and opinion. *See* Order, 10/31/2013, at n.1. *See also* PCRA Court Opinion, 2/11/2014. Despite the PCRA court's rationale, Hadley has failed to discuss *Miller* and Section 9545(b)(1)(iii) in her appellate brief. Furthermore, the substantive claims raised by Hadley in this appeal do not address the PCRA time-bar or the statutory exceptions. Accordingly, we find Hadley has waived any claim that her petition satisfies an exception to the PCRA's timeliness requirements. *See Commonwealth v. Lewis*, 63 A.3d 1274, 1279 (Pa. Super. 2013) ("The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions. Moreover, the Rules of Appellate Procedure require that an appellant properly develop his arguments on appeal.") (quotations and citations omitted). Therefore, we may dismiss the appeal on this basis.

*(Footnote Continued)* ───────────────

in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii).

[7] The PCRA requires that a petition invoking any statutory exception be filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). Hadley satisfied Section 9545(b)(2) by filing her supplemental PCRA petition on August 20, 2012, within 60 days of *Miller*, which was filed on June 25, 2012. *See Commonwealth v. Brandon*, 51 A.3d 231, 235 (Pa. Super. 2012) (quotations and citation omitted) (stating "the sixty-day period [for 42 Pa.C.S. 9545(b)(2)] begins to run upon the date of the underlying judicial decision.").

In any event, regardless of waiver, no relief would be warranted as we agree with the PCRA court that Hadley cannot satisfy the requirements of Section 9545(b)(1)(iii), since: (1) **Miller** does not apply to Hadley or excuse the late filing of her most recent petition because she was 22 years old when she committed the underlying murder;[8] (2) this Court, in **Commonwealth v. Cintora**, 69 A.3d 759 (Pa. Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013), has held a contention that **Miller** applies to persons over 18 whose brains were immature at the time of the crime does not bring the matter within the newly recognized constitutional right exception; and (3) even if Hadley had been under 18 when she committed the murder, the Pennsylvania Supreme Court, in **Commonwealth v. Cunningham**, 81 A.3d 1, 11 (Pa. 2013), *cert. denied*, 134 S. Ct. 2724 (2014), has held that **Milller** is not retroactive and does not apply to those already serving sentences of life imprisonment.[9] **See** PCRA Court Opinion, **supra**, at 2–4 (unnumbered).

_____

[8] **See** Footnote 5, **supra**.

[9] Furthermore, the additional arguments raised by Hadley in her supplemental PCRA petition — that Article 5 of the Universal Declaration of Human Rights, and Article I, Section 13 of the Pennsylvania Constitution support her claim for relief from her life sentence — are also waived for failure to assert them in her brief, and, even if not waived, would not overcome the PCRA time-bar.

We note that in **Cintora, supra,** this Court opined: "Appellants' third issue, of 'whether mandatory life without parole terms for adults in homicide case violates state and federal equal protection clauses as well as article 7 of the universal declaration of human rights,' likewise does not merit our
*(Footnote Continued Next Page)*

Therefore, even had Hadley preserved her claim that Section 9545(b)(iii) applied herein, no relief would be due.

Accordingly, as we find that Hadley has waived her argument that her petition falls within any of the PCRA's exceptions, and, further, regardless of waiver, that she has failed to satisfy any statutory exception to the PCRA's time-bar, there is no basis upon which to disturb the PCRA court's order of dismissal.

Order affirmed.

Judge Bowes joins in the memorandum.

Judge Shogan concurs in the result.

_(Footnote Continued)_ ————————————

review, as it too cannot evade the timeliness requirements of the PCRA." 69 A.3d at 764. The same reasoning would apply here.